UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| KAZI FOODS OF NEW YORK, INC., | ) | Case No. 11-47551 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Thomas J. Tucker |
| | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| KAZI FOODS OF ANNAPOLIS, INC., | ) | Case No. 11-47556 |
| | ) | |
| Debtor. | ) | |
| | ) | Judge Thomas J. Tucker |
| | ) | |
| | ) | |

**FIRST DAY MOTION OF DEBTORS FOR ENTRY OF AN
ADMINISTRATIVE ORDER DIRECTING JOINT
ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") hereby move the Court pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Bankruptcy Rule 1015-1 (E.D.M.) for the entry of an administrative order, substantially in the form attached hereto as Exhibit A, authorizing the **joint administration** of the affiliated Debtors' related chapter 11 cases for procedural purposes only.

In support of this Motion, the Debtors respectfully state as follows:

**Background**

1. On March 21, 2011 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code").

The Debtors are continuing in possession of their property and are operating and managing their businesses, as debtors in possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The venue of the Debtors' chapter 11 cases and this Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtors operate 74 Kentucky Fried Chicken ("KFC") restaurants, 28 in New York, 28 in New Jersey, and 18 in Maryland, with combined annual revenue of over $80 million.

4. As of the Petition Date, Debtors have a combined workforce of approximately 1397 employees, of which none are members of a union.

5. Debtors operate their businesses out of approximately 74 facilities located in New York, New Jersey and Maryland.

6. The Debtors have approximately 105 creditors, secured and unsecured.

7. Debtors operate in the very competitive fast food market. Their costs consist primarily of labor and food supply costs. If the business operations of Debtors were to be interrupted, Debtors stand to lose significant business resulting in substantial and irreparable harm to the ongoing value of the Debtors and the estate.

8. Prior to the Petition Date, the Debtors (as well as non-debtor related entities) have been in litigation with its primary secured lender, Colonial Pacific Leasing Corporation and General Electric ("Secured Lender"), with respect to alleged defaults under Debtors' loan documents.

9. On or about March 2, 2011, the Secured Lender obtained a judgment against Kazi Foods of New York, Inc. ("KFNY") in the New York County Supreme Court for the State of New York.

10. Therefore, in order to sustain operations and preserve the value of the Debtors' estates, the Debtors' commenced these chapter 11 proceedings.

11. Prior to the Petition Date, Debtors' affiliates Kazi Foods of Michigan Inc. ("KFMI") and Kazi Foods of Florida, Inc. ("KFFL") (KFMI and KFFL are collectively referred to as the "Affiliates") each filed their own chapter 11 petitions which are currently being jointly administered with *In re Kazi Foods of Michigan, Inc. et al.* Case No. 11-43971 serving as the lead case (the "Affiliate Case").

### Relief Requested

12. By this Motion, the Debtors seek an order for joint administration of the Debtors' chapter 11 cases with the Affiliate Case pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1 (E.D.M.).

### Basis for Relief

13. Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, the court may order the joint administration of the estates of a debtor and its affiliates. See, Fed. R. Bankr. P. 1015(b). Joint administration of these chapter 11 cases (a) will ease the administrative burden on the Court and the parties, (b) will protect creditors of different estates, and (c) will simplify the United States Trustee's supervision of the administrative aspects of these chapter 11 cases. Accordingly, the Debtors respectfully request that the Court jointly administer the above-captioned chapter 11 cases with the Affiliate Case, solely for procedural purposes, under the case number assigned to Kazi Foods of Michigan, Inc.

14. Pursuant to Local Bankruptcy Rule 1015-1 (E.D.M.), the Debtors make the following disclosures:

    (i)    Debtors are affiliates of one another, KFMI, KFFL, and are privately held entities wholly owned by Zubair Kazi, an individual. The identification of the equity

{2616975:5}                                                                 -3-
11-47551-tjt    Doc 7    Filed 03/21/11    Entered 03/21/11 10:26:07    Page 3 of 13

security holder is identified in the list filed with the Court pursuant to Rule 1007(a)(3).

(ii) Each of the Debtors are obligors under certain loan agreements ("Loans") with General Electric Capital Business Asset Funding Corporation ("GE"), Colonial Penn Leasing Corporation ("Colonial"), Sovereign Bank ("Sovereign"), GE Capital Franchise Corporation ("GECFC") and the Bank of New York ("BNY"), collectively the "Secured Lenders"). Upon information and belief, GE acts as agent for the Secured Lenders. A complete detail of any and all inter-company claims will be disclosed and incorporated into the Debtors' Statement of Financial Affairs to be filed with the Court.

(iii) Neither of the Debtors are a guarantor or co-obligor of any obligations of any non-debtor equity holders. KFFL is a guarantor of Kazi Foods of New York, Inc. ("KFNY"). The sole shareholder of the Debtors, Zubair Kazi, is guarantor of all or a portion of the obligations of Debtors to Secured Lender. Kazi Foods of Annapolis, Inc. ("KFMD") is a guarantor of KFNY.

(iv) In the ordinary course of business and prior to the Petition Date, funds may have been transferred between the Debtors or the Affiliates. A complete list of the transfers will be disclosed and incorporated in the Debtors' Statement of Financial Affairs to be filed with the Court.

15. The Debtors anticipate that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect both of the Debtors. With a total of four affiliated debtors, each with its own case dockets, the failure to administer these cases jointly would result in numerous duplicative pleadings filed for each issue and served upon separate service lists. Such

duplication of substantially identical documents would be extremely wasteful and would unnecessarily overburden the Court.

16. Joint administration will permit the Court to use a single general docket for each of the Debtors' and Affiliates' cases and to combine notices to creditors and other parties in interest of each of the Debtors' respective estates. Joint administration also will protect parties in interest by ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be apprised of the various matters before the Court in all of these cases.

17. The rights of the respective creditors of each of the Debtors will not be adversely affected by joint administration of these cases inasmuch as the relief sought is purely procedural and is in no way intended to affect substantive rights. Each creditor and party in interest will maintain whatever rights it has against the particular estate in which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration. The Court will also be relieved of the burden of entering duplicative orders and keeping duplicative files. Supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee also will be simplified.

18. Based on the foregoing, the joint administration of these chapter 11 cases is in the best interests of the Debtors, their estates, their creditors, and all other parties in interest. Accordingly, the Debtors request that the caption of these chapter 11 cases reflect the joint administration of such cases, as proposed and attached as <u>Exhibit B</u> hereto.

19. The Debtors also request that the Clerk make separate docket entries in each of the above-captioned cases substantially as follows:

> An order (the "Joint Administration Order") has been entered in accordance with Fed. R. Bank.R. 1015(d) directing the joint administration of the following cases under case number 11-43971: Kazi Foods of Michigan, Inc., Case No. 11- 43971; Kazi Foods of Florida, Inc., Case No. 11-43986; Kazi Foods of New York, Inc., Case No. 11-47551; and Kazi Foods of Annapolis, Inc., Case No. 11-47556.

20. Finally, the Debtors request that the Court enter an order directing that any creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor or Affiliate against whom such claim is asserted, and not in the jointly administered case.

**Notice**

21. Notice of this Motion has been given to (i) the Office of the U.S. Trustee, (ii) counsel for Debtors' Secured Lenders under their financing facilities, (iii) those creditors identified on the Debtors' list submitted pursuant to F.R.Bankr.P. 1007(d), and (iv) those parties required pursuant to L.B.R. 9013-1 (E.D.M.). In light of the fact that no trustee, examiner, or creditors' committee has been appointed or formed in these cases, the Debtors submit that no further notice is necessary or required.

**No Prior Request**

22. No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Debtors respectfully request that the Court enter an order: (a) authorizing the joint administration of the Debtors' cases; (b) granting such other and further relief as is proper.

Respectfully submitted,

/s/ Jeffrey S. Grasl
Stephen M. Gross (P35410)
Jeffrey S. Grasl (P62550)
Jayson B. Ruff (P69893)
McDONALD HOPKINS PLC
39533 Woodward Avenue
Suite 318
Bloomfield Hills, MI 48304
Telephone: (248) 646-5070
Facsimile: (248) 646-5075
E-mail: sgross@mcdonaldhopkins.com
jgrasl@mcdonaldhopkins.com
jruff@mcdonaldhopkins.com

PROPOSED COUNSEL FOR THE DEBTORS
AND DEBTORS IN POSSESSION

Dated: March 21, 2011

# EXHIBIT A

**(First Day Proposed Order Authorizing Joint Administration of Debtors Chapter 11 Cases)**

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **KAZI FOODS OF NEW YORK, INC.,** | ) | **Case No. 11-47551** |
| | ) | |
| Debtor. | ) | |
| | ) | **Judge Thomas J. Tucker** |
| | ) | |
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **KAZI FOODS OF ANNAPOLIS, INC.,** | ) | **Case No. 11-47556** |
| | ) | |
| Debtor. | ) | |
| | ) | **Judge Thomas J. Tucker** |

## ADMINISTRATIVE ORDER AUTHORIZING JOINT ADMINISTRATION OF THE DEBTORS' CHAPTER 11 CASES

These cases coming before the Court on the *First Day Motion of Debtors for Entry of an Administrative Order Directing Joint Administration of the Debtors' Chapter 11 Cases* (the "Motion"), filed by the debtors and debtors in possession in the above-captioned chapter 11 cases (collectively, the "Debtors"); the Court having reviewed the Motion; the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157; (b) the Debtors are "affiliates" within the meaning of section 101(2) of the Bankruptcy Code; (c) the joint administration of the Debtors' cases is appropriate pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 1015-1 (E.D.M.); and (d) service and notice of the Motion was sufficient under the circumstances; and the Court being fully advised in the premises and having

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein;

IT IS HEREBY ORDERED THAT:

1. The Motion shall be, and hereby is, GRANTED.

2. The Debtors' respective captioned and numbered cases shall be jointly administered under the case number assigned to Kazi Foods of Michigan, Inc. in accordance with Fed. R. Bankr. P. 1015(b) and Local Bankruptcy Rule 1015-1 (E.D.M.).

3. The caption of the jointly administered cases is to read as follows:

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | Chapter 11 |
| | ) | |
| **KAZI FOODS OF MICHIGAN, INC.** *et al.*[1] | ) | **Case No. 11-43971** |
| | ) | *(jointly administered)* |
| **Debtors.** | ) | |
| | ) | **Judge Thomas J. Tucker** |
| | ) | |

[1] Debtors include Kazi Foods of Michigan, Inc., Case No. 11-43971; Kazi Foods of Florida, Inc., Case No 11-43986; Kazi Foods of New York, Inc., Case No. 11-47551; and Kazi Foods of Annapolis, Inc., Case No. 11-47556.

4. A docket entry shall be made in each of the above-captioned chapter 11 cases substantially as follows:

> An order (the "Joint Administration Order") has been entered in accordance with Fed. R. Bank.R. 1015(d) directing the joint administration of the following cases under case number 11-43971: Kazi Foods of Michigan, Inc., Case No. 11- 43971; Kazi Foods of Florida, Inc., Case No. 11-43986; Kazi Foods of New York, Inc., Case No. 11-47551; and Kazi Foods of Annapolis, Inc., Case No. 11-47556.

5. A creditor filing a proof of claim against any of the Debtors or their respective estates shall file such proof of claim in the particular bankruptcy case of the Debtor against whom such claim is asserted and not in the jointly administered case.

6. Notwithstanding Fed. R. Bankr. P. 6004(h), 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

# EXHIBIT B

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **In re:** | ) | **Chapter 11** |
| | ) | |
| **KAZI FOODS OF MICHIGAN, INC.** *et al.*[1] | ) | **Case No. 11-43971** |
| | ) | *(jointly administered)* |
| **Debtors.** | ) | |
| | ) | **Judge Thomas J. Tucker** |
| | ) | |

---

[1] Debtors include Kazi Foods of Michigan, Inc., Case No. 11-43971; Kazi Foods of Florida, Inc., Case No 11-43986; Kazi Foods of New York, Inc., Case No. 11-47551; and Kazi Foods of Annapolis, Inc., Case No. 11-47556.

{2616975:5}